# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan     609-989-0478
United States Bankruptcy Judge     609-989-2259 Fax

February 22, 2012

Steven J. Abelson, Esq.
Abelson & Truesdale, LLC
The Woodhull House
63 West Main Street
Freehold, NJ 07728
Attorney for Debtor

Thomas A. Connop, Esq.
Sarah Chen, Esq.
Locke Lord LLP
3 World Financial Center
New York, NY 10281-2101
Attorneys for Countrywide Home Loans, Inc.

Albert Russo, Chapter 13 Trustee
1 AAA Drive, Suite 101
Robbinsville, NJ 08691

                 Re: In re Rodriguez (Chapter 13)
                     Case No. 07-24687 (MBK)

Counselors:

       This matter is before the Court upon the motion ("Motion") of Francisco and Anna Rodriguez ("Debtors") for damages stemming from the alleged willful violation of the automatic stay by Countrywide Home Loans, Inc. ("Countrywide") pursuant to 11 U.S.C. § 362(k).  The Court has reviewed the pleadings submitted and entertained oral argument on January 10, 2012.[1]

The Court issues the following ruling:

---

[1] The Court has received and reviewed post-hearing submissions of both the Debtors and Countrywide.  See Docket Nos. 121 & 122.

**I.    Jurisdiction**

At the time the Debtors filed their Motion, the Court had jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court.  In its post-submission brief, filed on January 23, 2012, Countrywide now takes the position that this Court was divested subsequently of jurisdiction by virtue of the dismissal of the Debtors' bankruptcy case on January 10, 2012.  See Docket No. 121.

The Court disagrees with Countrywide's assertion.  To the contrary, courts within the Third Circuit have held that a bankruptcy court retains jurisdiction over a proceeding under 11 U.S.C. § 362(k) even after dismissal of the underlying bankruptcy case.  In Diamond Indus. Corp. v. Rohn, the District Court for the District of the Virgin Islands, St. Croix, in its application of § 362(k), held as follows:

> …[W]e must decide whether plaintiff's claim under former § 362(h) [now § 362(k)] may proceed after the bankruptcy is at an end. This court has previously held that a federal district court has subject matter jurisdiction over a claim brought under § 362(h) despite the prior dismissal of the underlying bankruptcy action. See George v. Alvin Williams Trucking and Equip. Rental, Inc., Civ. No. 2002-189, 2004 U.S. Dist. LEXIS 907 (Jan. 16, 2004 D.V.I.).  This decision is in harmony with those of other courts. See Price v. Rochford, 947 F.2d 829, 831-32 (7th Cir. 1991); Martin-Trigona, 892 F.2d 575, 577 (7th Cir. Ill. 1989); In re Davis, 177 B.R. 907, 911 (B.A.P. 9th Cir. 1997); In re D'Alfonso, 211 B.R. 508, 513 (Bankr. E.D. Pa. 1997); In re Lampkin, 116 B.R. 450, 451-53 (Bankr. D. Md. 1990). In In re Davis, the court explained the cogent rationale underlying these decisions: "Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct." In re Davis, 177 B.R. at 911 (citations omitted).

2007 U.S. Dist. LEXIS 97979, *7-8 (D.V.I. Dec. 13, 2007); see also D'Alfonso v. A.R.E.I. Inv. Corp. (In re D'Alfonso), 211 B.R. 508, 513 (Bankr. E.D. Pa. 1997) ("[I]t is clear that dismissal of

a case does not validate actions which constituted violations of the automatic stay during the pendency of that case"). Moreover, other Circuits have consistently supported this view. See, e.g., Johnson v. Smith (In re Johnson), 575 F.3d 1079, 1083 (10th Cir. 2009) ("It is particularly appropriate for bankruptcy courts to maintain jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case"); Jones v. Boston Gas Co. (In re Jones), 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("[A]n action under § 362(h) for damages for willful violation of the automatic stay, survives the dismissal of the bankruptcy case"); Javens v. City of Hazel Park (In re Javens), 107 F.3d 359, 364 n.2 (6th Cir. Mich. 1997) ("An action under § 362(h) for damages for willful violation of an automatic stay survives dismissal of the case in bankruptcy"); Davis v. Courington (In re Davis), 177 B.R. 907, 911 (B.A.P. 9th Cir. Cal. 1995) ("Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct").

In light of the foregoing, the Court concludes that it has jurisdiction to rule on the pending Motion, notwithstanding that the Debtors' underlying bankruptcy case has been dismissed. Further, this matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O) and venue is proper in this Court pursuant to 28 U.S.C. § 1408. Accordingly, the Court issues the following findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

**II.    Background**

On October 10, 2007 ("Petition Date"), the Debtors filed their voluntary Chapter 13 bankruptcy petition. On December 2, 2007, the Debtors filed a motion ("Stay Motion") to enforce the automatic stay pursuant to 11 U.S.C. § 362(a), to compel Countrywide to cease post-

petition collection of pre-petition escrow claims, and to award the Debtors attorneys' fees and costs. See Docket No. 10. This Court denied the Stay Motion, which ruling was affirmed on appeal by the District Court and was further appealed to the Third Circuit. On December 23, 2010, the Third Circuit remanded to this Court, stating in pertinent part as follows:

> Having determined that the $1,787.69 escrow cushion should have been part of Countrywide's proof of claim, the question arises as to whether Countrywide violated the automatic stay when it sought the cushion outside of the bankruptcy proceeding. Section 362(k)—formerly section 362(h)—of the Bankruptcy Code provides for recovery of actual damages for willful violations of the automatic stay. 11 U.S.C. § 362(k); see also In re Lansdale Family Rest., Inc., 977 F.2d 826, 829 (3d Cir. 1992) (considering former § 362(h)). Because both the Bankruptcy Court and the District Court determined that Countrywide was permitted to calculate the missed escrow payments outside of the bankruptcy proceeding, they never reached the issue of whether Countrywide willfully violated the automatic stay when it sent the Rodriguezes a demand for higher monthly escrow payments. **Whether Countrywide willfully violated the automatic stay and, if so, the extent, if any, of the Rodriguezes' damages, are matters that should be resolved in the first instance on remand.**

See In re Rodriguez, 629 F.3d 136, 142-143 (3d Cir. N.J. 2010) (emphasis added), cert. denied, Countrywide Home Loans, Inc. v. Rodriguez, 132 S. Ct. 573 (U.S. 2011).

In light of the Third Circuit's decision, the Debtors, on November 21, 2011, filed the instant Motion. See Docket No. 114. As the Third Circuit succinctly stated, the issue on remand before this Court is whether Countrywide *willfully* violated the automatic stay and, if so, to what extent the Debtors are entitled to damages. For the reasons that follow, the Court finds that Countrywide did, in fact, willfully violate the automatic stay, which resulted in damages in the form of attorneys' fees incurred by the Debtors in the course of protecting their rights under § 362.

### III. The Automatic Stay

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay that protects the debtor and property of the estate. See 11 U.S.C. § 362(a). "Without question, the automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." In re Cruz, 2006 Bankr. LEXIS 4125, *4 (Bankr. D.N.J. July 26, 2006). "'It gives the debtor a breathing spell from his [or her] creditors. It stops all collection efforts, all harassment, and all foreclosure actions.'" Id. Additionally, the scope of the automatic stay is broad and covers all proceedings against a debtor. See Ass'n. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir.1982) (citing H.R.Rep. No.95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6296-97). The specific provisions of the automatic stay significant to this case are §§ 362(a)(6) and (k)(1), which provide as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303]…operates as a stay, applicable to all entities, of--
>
>> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…
>
> (k) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §§ 362(a)(6) and (k)(1).

In light of the Third Circuit's determination that Countrywide's escrow claim is a pre-petition claim, and is therefore subject to the provisions of § 362(a)(6), the Court turns to whether the requirements of § 362(k)(1) have been met. As expressed by In re Miller, "[§] 362(k)(1) is 'remarkably simple' and requires the imposition of sanctions on a party violating the

5

automatic stay upon three provisions: First, the offending party must have violated the automatic stay. Second, the violation of the stay must have been willful. Finally, the willful violation must have caused Debtors some injury." 447 B.R. 426, 433 (Bankr. E.D. Pa. 2011) (citing <u>Wingard v. Altoona Regional Health Systems, (In re Wingard)</u>, 382 B.R. 892, 900 n. 6 (Bankr. W.D. Pa. 2008)). For the reasons set forth below, the Court finds that the Debtors have satisfied the requirements to establish a willful stay violation under § 362(k)(1).

IV. **11 U.S.C. § 362(k)(1)**

    **A. Countrywide Violated the Automatic Stay**

Based upon Countrywide's post-petition acts to assess, collect, and/or recover on its pre-petition claim for escrow shortages, the Court finds that Countrywide violated the automatic stay. Specifically, Countrywide sent the following documents to the Debtors, both of which were issued <u>after</u> the Petition Date:

> **October 15, 2007 Post-Petition Billing Escrow sent to the Debtors by Countrywide, which contains the following language:**
>
> - Referring to a specific amount: "The monthly amount you must pay into your escrow account to keep the balance from falling below zero during the year."
> - Referring to a specific amount: "New monthly escrow payment…"
> - Referring to a specific amount: "New monthly home loan payment effective 12/2007…"
>
> **November 29, 2007 Notice from Countrywide to the Debtors, which contains the following language:**
>
> - "Your loan documents provide that if we do not receive your current home loan payment by 12/17/2007, your loan may be assessed a late charge of $104.22."

<u>See</u> Exhibits D and E to Debtors' Supplemental Submission, dated January 5, 2012, Docket No. 116. Countrywide's act of sending these documents to the Debtors directly violated § 362(a)(6),

6

which stays any act to collect, assess, or recover a claim against Debtors that arose before the commencement of this case. 11 U.S.C. §362(a)(6). Accordingly, the Debtors have successfully established that Countrywide violated the automatic stay, the first element required under § 362(k)(1).

### B. Countrywide's Violation of the Automatic Stay was Willful

The Court finds that Countrywide's violation of the automatic stay was willful. As noted in In re Miller, supra, willfulness "can be satisfied by showing simply that the offending party knew about a debtor's bankruptcy but proceeded with the stay violation nonetheless." 447 B.R. 426, 433 (Bankr. E.D. Pa. 2011) (citations omitted). It is undisputed that Countrywide received notice of the Debtors' bankruptcy proceeding. See Address Matrix, annexed to Debtors' Chapter 13 petition, Docket No. 1. Despite notice of the Debtors' bankruptcy, however, Countrywide proceeded to deliver the above-referenced documents to the Debtors post-petition. Thus, Debtors have successfully established the second element required under § 362(k)(1), that Countrywide was aware of the Debtors' bankruptcy and violated the automatic stay nonetheless.[2]

### C. The Debtors are Entitled to Actual Damages in the Form of Attorneys' Fees

Based on Countrywide's willful violation of the automatic stay, the Debtors were forced to vigorously litigate their rights under § 362. As a result, the Debtors incurred significant expense in the form of attorneys' fees. As explained in Frankel v. Strayer, courts have found that actual damages in the form of attorneys' fees are appropriate, despite the fact that there may not have been other compensable harm to a debtor:

---

[2] The Court notes that at oral argument, counsel for Countrywide conceded that in light of the rationale employed by the Third Circuit in its decision to reverse and remand, Countrywide had engaged in a "technical" violation of the automatic stay. As decided herein, even a "technical" violation may be sufficient to support relief under § 362(k).

> "[E]ven innocent and well-grounded violations of the automatic stay should give rise to recovery of attorneys' fees when a debtor is required to resort to a court action to vindicate rights." In re McNeil, 128 B.R. 603, 614 (Bankr. E.D. Pa. 1991)(internal citation omitted.) Some courts have required the payment of attorneys' fees and costs for a creditor's willful violation of the automatic stay even if the debtor suffered no other compensable harm. In re Heidkamp, 334 B.R. 713 (Bankr. M.D. Fla. 2005).

391 B.R. 266, 272 (Bankr. M.D. Pa. 2008). Moreover, the Court agrees with the rationale expressed in In re Thompson, 426 B.R. 759, 765 (Bankr. N.D. Ill. 2010), which noted that § 362(k) is not a typical fee-shifting statute, but rather provides for recovery of damages *including* attorneys' fees, not damages *and* attorneys' fees. Thus, attorneys' fees under § 362(k) are an element of damages when a party seeks to remedy an automatic stay violation. See In re Butts, 350 B.R. 12, 24 n.12 (Bankr. E.D. Pa. 2006).

Although it is questionable whether the Debtors have suffered a compensable harm or injury, apart from the obligation to pay their counsel, this Court finds that the facts and circumstances of this case warrant the recovery of reasonable attorneys' fees by the Debtors.[3] Indeed, it was Countrywide, not the Debtors, who chose to litigate these issues through the appellate system, leaving the Debtors with the choice of either doing nothing or defending their rights. The Court will not fault the Debtors for choosing to pursue the latter in order to vindicate their rights under the Bankruptcy Code.

---

[3] The Court has considered the argument raised by Countrywide which points to the fact that the Debtors actually have paid out of pocket only a fraction of the fees sought by Debtors' counsel, and that it is highly improbable that the Debtors will ever be in a position to satisfy the obligation owing to their counsel. Contrary to Countrywide's argument, however, a debtor "need not have actually paid [attorneys'] fees before they can be recovered…[but] may only recover attorneys' fees for which [the debtor] is actually responsible." In re Thompson, supra, 426 B.R. at 765-766. Here, the record does not reflect any release or waiver of such obligation, or assurances offered to the Debtors by counsel that they would not have to bear the costs of the appeals. Rather, as confirmed by Debtors' counsel at oral argument, the Debtors continue to be liable for attorneys' fees and, in the fortuitous event that the Debtors "hit the lottery," he would expect payment. Thus, as long as the Debtors remain responsible for the fees incurred, this Court deems it appropriate to include such fees as an element of a damages award under § 362(k), regardless of the nominal amount already paid by the Debtors.

### D. The Attorneys' Fees Requested are Reasonable

Having ruled that the Debtors are entitled to attorneys' fees, the Court must determine whether the requested fees are reasonable. See Miller, supra, 447 B.R. at 434 ("For Debtors to recover attorneys' fees, however, such fees must be reasonable and necessary"). Indeed, the policy to discourage willful stay violations is tempered by a reasonableness standard. Id. While such policy guards against excessive litigation, however, it was Countrywide's actions that created such substantial litigation costs to the Debtors in this case. Moreover, Countrywide has voiced no objection to the reasonableness of the fees requested by Debtors' counsel. The Court has reviewed the documentation in support of the requested attorneys' fees and regards the fees to be reasonable in light of the work performed in this case.

### V. Conclusion

For the foregoing reasons, this Court: (i) finds that Countrywide willfully violated the automatic stay pursuant to § 362(k), (ii) awards damages to the Debtors in the form of attorneys' fees in the amount of $85,033.81[4], and (iii) directs Countrywide to make payment of the award to "Francisco and Anna Rodriguez, in care of Abelson & Truesdale, LLC" within 30 days of entry of this ruling. The Court will enter an order consistent with its findings.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: February 22, 2012

---

[4] In addition to fees incurred in light of Countrywide's appeals, this amount includes $4,750 for supplemental legal fees incurred through the Debtors' Chapter 13 plan, as set forth in Mr. Abelson's Certification in Support of Motion and Certification of Services. See Docket No. 114.